UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-256 JCM (NJK)<br><br>ORDER |

Presently before the court is the matter of *Bank of New York Mellon v. SFR Investments Pool 1, LLC et al.*, case number 2:17-cv-00256-JCM-NJK. On August 14, 2017, third-party plaintiff Copperhead Ranch Street and Landscape Maintenance Corp. filed a "motion to dismiss or in the alternative motion for summary judgment based on statute of limitations." (ECF No. 33). However, pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for "each type of relief requested or purpose of the document." Therefore, the court cannot consider Copperhead's motions for dismissal, on one hand, and summary judgment, on the other, unless they are as filed separate motions on the docket.

This rule is not an exercise of pure formality. This case illustrates exactly why. A court must apply entirely different standards to its consideration of motions to dismiss and motion for summary judgment. For instance, this court's consideration of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) typically requires that the court looks no further than the face of the pleadings (*e.g.* the complaint itself) and cannot consider evidence or matters outside of the pleadings or "the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d).

**James C. Mahan**
**U.S. District Judge**

In contrast, this court's consideration of a motion for summary judgment under Federal Rule of Civil Procedure 56 allows the court to consider materials outside of the pleadings, *see id.*; Fed. R. Civ. P. 56(c), typically requires the non-moving party to respond to the factual allegations by referring to or attaching evidence of its own, *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987); Fed. R. Civ. P. 56(e), and requires the court to look at the evidence and determine whether there is anything for a jury to decide.

These different standards place a very different burden on both the court and the non-moving party in responding to and resolving the motions. This difficulty is compounded when the arguments are intertwined and merged together, as they appear to be throughout Copperhead's present motion. (*See* ECF No. 33). At multiple points in the motion, Copperhead cites evidence outside of the pleadings, but also asks this court to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Local Rule 2-2(b) is designed to thwart such conflation of issues.

Accordingly,

IT IS HEREBY ORDERED that Copperhead's "motion to dismiss or in the alternative motion for summary judgment based on statute of limitations," (ECF No. 33), is STRICKEN from the docket, without prejudice.

IT IS FURTHER ORDERED that Copperhead has leave to re-file the motions separately in accordance with this order.

DATED August 18, 2017.

                                                                            UNITED STATES DISTRICT JUDGE